IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Amy L. Nilson, | NO. C 09-00045 JW |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION AND CERTIFICATE OF APPEALABILITY** |
| v. | |
| Green Valley Corp., et al., | |
| Defendants. | |

Presently before the Court is Plaintiff's Motion for Reconsideration or for Certificate of Appealability.[1] In light of Plaintiff's *pro se* status, the Court construes Plaintiff's motion as a motion for leave to file a motion for reconsideration as required by the Civil Local Rules. Plaintiff seeks leave to file a motion for reconsideration of the Court's January 23, 2008 Order dismissing Plaintiff's Complaint with prejudice.[2] In the alternative, Plaintiff seeks a certificate of appeal pursuant to 28 U.S.C. § 2253(c).

The Court previously dismissed Plaintiff's Complaint as frivolous for failing to properly allege a jurisdictional basis and because Plaintiff's allegations were unintelligible. (Order at 2-3.)

---

[1] Plaintiff is proceeding in this case *pro se*. (Amy L. Nilson's Amended Motion for Reconsideration and/or for Certification of Appealability, hereafter, "Motion," Docket Item No. 16.)

[2] (Order Granting Application to Proceed *In Forma Pauperis*; Dismissing Complaint with Prejudice, hereafter, "Order," Docket Item No. 10.)

**A.      Leave to File Motion for Reconsideration**

Before a party may file a motion for reconsideration, the party must first obtain leave of the court. Civ. L.R. 7-9(a). In doing so, the moving party must specifically show the following:

>   (1) At the time of the filing the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>   (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>   (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b). A motion for leave to file a motion for reconsideration may not repeat any oral or written argument previously made with respect to the interlocutory order that the party now seeks to have reconsidered. Civ. L.R. 7-9(c). "A party who violates this restriction shall be subject to appropriate sanctions." Id.

Plaintiff does not meet any of the requirements of Civ. L.R. 7-9(b). First, Plaintiff fails to show that, at the time of the filing of the present Motion, a material difference in fact or law existed from that which was presented to the Court. Instead, Plaintiff contends that at the time the Complaint was written:

> facts leading to the determination that upon the okay of workers (John Doe) to view the premises, did not disclose any hazardous conditions which existed on the property at the time of exposure to asbestos and other cancer causing chemicals unknown to the Plaintiff. The significance in these facts were not stated in the complaint as later a court proceeding would have disclosed reasons for bringing suit, within which the court should have offered a motion to amend, whether strict liability or pursuant to public nuisance.

(Motion at 6, sic.) Although the above paragraph is somewhat incoherent, the Court infers that Plaintiff is attempting to say that if the Court were to allow her to proceed with the law suit, facts will be developed to support her claims. Such a contention is insufficient to show that leave should be granted on the grounds set forth in Civ. L.R. 7-9(b)(1). Such contention also fails to address the grounds on which the Court dismissed Plaintiff's Complaint, namely, for lack of jurisdiction and failure to allege a cognizable claim under any relevant law.

2

Second, Plaintiff has not shown an emergence of new material facts or a change of law since the Court's Order. Plaintiff cites no new law or factual allegations that would indicate her Complaint is not frivolous or that she could amend her Complaint to state facts to support her claims. Finally, Plaintiff does not identify a "manifest failure by the Court to consider material facts or dispositive legal arguments." Civ. L.R. 7-9(a)(3). In the Complaint, Plaintiff did not allege any causes of action giving rise to federal question jurisdiction, nor did she provide allegations showing that diversity jurisdiction would be proper. (Order at 2.)

Further, as an attempt to show the Court that she has sufficiently alleged federal question jurisdiction, Plaintiff writes in her Motion that there is "Federal Jurisdiction under the CAA 42 U.S.C § 7604; promulgated under § 7401(c)." (Id. at 13.) However, Plaintiff merely cites 42 U.S.C § 7604 and § 7401(c) without stating how either is applicable to any of her causes of action. Plaintiff fails to relate any of her causes of action to the federal law on which she bases her "strict liability" and "public nuisance" causes of action. (Id. at 6.) "Strict liability" and "public nuisance" are the only two causes of action stated in the Motion and Plaintiff does not state how either relates to § 7604 or § 7401(c). In fact, 42 U.S.C § 7604 and § 7401(c) do not enumerate strict liability or public nuisance causes of action, they discuss the purpose of the Clean Air Act and how citizens may bring suits under the Act.

In sum, Plaintiff's Complaint was dismissed with prejudice because "each cause of action simply describes what appears to be cursory and discrete statements of a variety of law, devoid of any allegations stating what gives rise to Plaintiff's entitlement to recovery." (Order at 3.) Similar to her Complaint, Plaintiff's Motion is virtually unintelligible. For instance, Plaintiff writes:

> The cited U.S. Federal Court of Appeal, 9th Circuit Northern California Appeals Court has taken into account trespassing violations and has considered them relevant to the cause for in which a complaint has been brought. The 6th circuit rulings are no longer valid. And is outdated in its decision, in the controlling authority on the application of the doctrine as in applied cases. The complaint specifically pled that the Plaintiff did not desire a state court proceeding and wherefore requested a Federal Question in order to determine whether held under Liability or that of Public Nuisance.

(Motion at 3, sic.)

3

> Defendants placed its refinery facilities along the northern edge of its property in close proximity to the dwelling units all of which are in a long-established residential area, that, prejudice by Judge James Ware is under the circumstances of previous action filed by Mrs. Nilson; however this action is unwarranted in the facts leading up or determining the truth.

(Motion at 8, sic.) Based on Plaintiff's proffer above, the Court finds that Plaintiff has not established any ground for granting leave to file a motion for reconsideration pursuant to Civ. L.R. 7-9(b)(3).

Although the Court recognizes that Plaintiff is proceeding in *pro per* and the Court must liberally construe her claims, the Court finds that her writing is predominately unintelligible. Plaintiff cannot simply list a series of federal statutes and contend that she is bringing a "federal question" claim. Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Plaintiff is required to provide a short and plain statement of her claims. As demonstrated by the excerpts provided in the Court's January 23 Order and in this Order, Plaintiff appears incapable of making any intelligible claims.

Accordingly, the Court DENIES Plaintiff's Motion for Leave to File a Motion for Reconsideration.

**B.      Certification Pursuant to 28 U.S.C. § 2253(c)**

Plaintiff seeks a certification of an appeal pursuant to 28 U.S.C. § 2253(c).[3] (Motion at 14.)

A petitioner is entitled to a certificate of appealability whenever there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate must indicate which issues satisfy this standard. See 28 U.S.C. § 2253(c)(3). The Court of Appeals is limited to considering only those claims. See Hiivala v. Wood, 195 F.3d 1098, 1103 (9th Cir. 1999); Fuller v. Roe, 182 F.3d 699, 702-03 (9th Cir. 1999). "Where the district court has rejected the constitutional claims on the merits, the showing required to satisfy section 2253 is straightforward:

---

[3] Plaintiff also requests a remand and "formal removal" to District Judge Whyte. (Motion at 4.) There is no mechanism by which the Court can remand or remove a case that has been assigned to it to another Judge in this district other than to transfer pursuant to Civil Local Rule 3-12. This case does not present the circumstance presented under Rule 3-12 and thus, Court DENIES Plaintiff's request.

4

the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Plaintiff does not identify what, if any, constitutional claim the Court has rejected. On its face, Plaintiff's Complaint did not make any allegations concerning any constitutional rights. (See Docket Item No. 1.) Thus, the Court finds § 2253(c) inapplicable.

Accordingly, the Court DENIES Plaintiff's Motion for a Certification of Appealability.

Dated: February 10, 2009

JAMES WARE
United States District Judge

5

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

John Richard Till jtill@paladinlaw.com

Amy L. Nilson
3735 Senter Road
San Jose, CA 95111

**Dated: February 10, 2009**  **Richard W. Wieking, Clerk**

**By:     /s/ JW Chambers**
     **Elizabeth Garcia**
     **Courtroom Deputy**