United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Amy L. Nilson, | NO. C 09-00045 JW |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT** |
| v. | |
| Green Valley Corp., | |
| Defendant. | |

Amy L. Nilson ("Plaintiff") brings this action against Green Valley Corporation ("Defendant") alleging nine causes of action.[1] Presently before the Court is Plaintiff's Motion for Relief from Judgment under Fed. R. Civ. P. 60(b)(1). (hereafter "Motion," Docket Item No. 19.) The Court finds it appropriate to take this matter under submission without oral argument. See Civ. L.R. 7-1(b). Based on the papers submitted to date, the Court DENIES Plaintiff's Motion.

On January 6, 2009, Plaintiff filed a motion for leave to proceed *in forma pauperis*. (Docket Item No. 2.) On January 23, 2009, the Court issued an Order granting Plaintiff's motion to proceed *in forma pauperis* and dismissing Plaintiff's Complaint as frivolous pursuant to 28 U.S.C. § 1915. (Order Granting Application to Proceed *In Forma Pauperis,* Docket Item No. 10.) The Court found that Plaintiff's Complaint was unintelligible, failed to allege jurisdiction and failed to state a

---

[1] (1) Strict Liability-Ultra Hazardous Activities, (2) Strict Liability-Concealment, (3) Strict Liability-Nondisclosure, (4) Strict Liability-Intent to Misrepresent, (5) Strict Liability-Intent to Induce Reliance, (6) Strict Liability-Predictions and Intention, (7) Negligence-Aerobic Conditions, (8) Strict Liability-Defenses to Injuries, (9) Strict Liability-Truth. (Complaint ¶¶ 9-36, Docket Item No. 1.)

1  cognizable claim.  (Id. at 2-3.)  Accordingly, the Court entered judgment favor of Defendant.
2  (Docket Item No. 11.)  On February 3, 2009, Plaintiff filed a motion for certificate of appealability
3  and an amended motion for reconsideration.  (Docket Item No. 16.)  On February 10, 2009, the
4  Court issued an order denying Plaintiff's Motion for Reconsideration and Motion for Certificate of
5  Appealability.  (See Docket Item No. 18.)

6      Plaintiff now moves the Court to set aside the judgment.  Plaintiff contends that the Court
7  should set aside the final judgment in this case pursuant to F. R. Civ. P. 60(b)(1).

8      Federal Rule of Civil Procedure 60(b)(1) provides, "On motion ... the court may relieve a
9  party or a party's legal representative from a final judgment, order, or proceeding for ... mistake,
10 inadvertence, surprise, or excusable neglect."  A Rule 60(b)(1) movant must demonstrate that he or
11 she "has a meritorious [cause of action] and that arguably one of the four conditions for relief
12 applies-mistake, inadvertence, surprise or excusable neglect."  Ben Sager Chem. Int'l. v. E. Targosz
13 & Co., 560 F.2d 805, 809 (7th Cir. 1977).  "Neither ignorance nor carelessness on the part of the
14 litigant or [her] attorney provide grounds for relief under Rule 60(b)(1)."  Kagan v. Caterpillar
15 Tractor Co., 795 F.2d 601, 607 (7th Cir. 1986).

16     In Plaintiff's Motion, she fails to allege either mistake, inadvertence, surprise, or excusable
17 neglect. Similar to Plaintiff's Complaint and amended motion for reconsideration, Plaintiff's motion
18 for relief from judgment is unintelligible.  For example, under the heading "ISSUES FOR RELIEF
19 FROM JUDGMENT" Plaintiff states "1.  Is the Superfund Program Successfully Protecting the
20 Environment and Human Health and Welfare of Residence from Hazardous Waste?; 2. What are the
21 Conflicts between Corporate Behavior and Environmental Ethics?; 3. What Degree of Negligible
22 Risk is Acceptable?; 4. What are the relative risks to Human Health in San Jose, California?"
23 Nowhere in the Motion does Plaintiff address any of the grounds on which a Rule 60(b)(1) motion
24 can be made.

25     To the extent any grounds for setting aside the Judgment can be discerned from Plaintiff's
26 Motion, the Court gleans two contentions.  First, Plaintiff moves for relief from judgment on the

ground that "without consulting with an attorney or informing ("Nelson") of alternatives, (Hon. James Ware) unilaterally decided he would not assert the plaintiff's claim." (Motion at 10.) The Court cannot pursue claims on behalf of litigants. Thus, Plaintiff has not stated an adequate ground for relief under Rule 60(b)(1). Second, Plaintiff contends that the Court's Judgment is based on the fact that Plaintiff did not file a timely opposition to a ruling. (Id. at 11.) However, the Court issued its orders based on the deficiencies discussed above, not on the untimeliness of Plaintiff's opposition to any ruling. Thus, the Court finds Plaintiff's Motion is merely an attempt to rehash unintelligible arguments that the Court had previously decided.[2]

Accordingly, the Court DENIES Plaintiff's Motion for Relief from Judgment and VACATES the hearing set for March 16, 2009.

Dated: March 13, 2009

JAMES WARE
United States District Judge

---

[2] While Plaintiff's filing of the Motion is improper, the Court does not find that there is sufficient sanctionable conduct to declare her "vexatious" at this time. However, should Plaintiff continue to abuse the legal process, the Court will consider whether to find that Plaintiff is a "vexatious" litigant.

A district court has inherent power to issue restrictive pre-filing orders against vexatious litigants with long histories of abusive litigation. De Long v. Hennessey, 912 F.2d 1144, 1147 (9th Cir. 1990); see also Roadway Express, Inc. v. Piper, 447 U.S. 752, 765-66 (1980). In addition, the All Writs Act empowers a court to enjoin vexatious litigants from filing complaints or other papers without leave of the Court. 28 U.S.C. § 1651(a); see also Moy v. United States, 906 F.2d 467, 469 (9th Cir. 1990).

3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

John Richard Till jtill@paladinlaw.com

Amy L. Nelson
3735 Senter Road
San Jose, CA 95111

**Dated: March 13, 2009**                                    **Richard W. Wieking, Clerk**

                                             **By:  /s/ JW Chambers**
                                                  **Elizabeth Garcia**
                                                  **Courtroom Deputy**

**United States District Court**
For the Northern District of California